THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>BLANCA MEDINA,<br><br>                  Defendant. | CASE NO. CR20-0092-JCC-18<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence (Dkt. No. 1195). Having considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant pleaded guilty to conspiracy to distribute controlled substances. (*See* Dkt. Nos. 378 at 1, 864 at 1.) At sentencing, the Court calculated Defendant's total offense level to be 31, with a criminal history Category I. (*See* Statement of Reasons at 1.) This resulted in a sentencing guideline range of 108 to 135 months. (*Id.*) The Court imposed a custodial sentence of 42 months. (*See* Dkt. No. 864 at 2.) Defendant now asks for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2). (Dkt. No. 1195 at 1.) This is based on Part B, Subpart 1 of the amendment, which provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG

§ 4C1.1(a).

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce a sentence unless both criteria are met. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). However, USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

An application of the zero-point offender reduction in this case would reduce Defendant's total offense level from 31 to 29, resulting in an amended sentencing guideline range of 87 to 108 months. *See* USSG Ch. 5 Pt. A Sentencing Table (offense level 29 at Category I). But because the sentence already imposed (42 months) is well below the amended range, the policy statement precludes any reduction in Defendant's sentence, absent substantial assistance. And the record does not show Defendant provided such assistance. Therefore, the Court lacks the authority to reduce Defendant's sentence.

Defendant's motion to reduce her sentence (Dkt. No. 1195) is DENIED.

DATED this 10th July 2024

John C. Coughenour
UNITED STATES DISTRICT JUDGE